IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-8961 |
| INSTITUTO MEDICO DEL NORTE, INC. D/B/A CENTRO MEDICO WILMA N. VAZQUEZ | CHAPTER 11 |
| Debtors | |
| INSTITUTO MEDICO DEL NORTE, INC. D/B/A CENTRO MEDICO WILMA N. VAZQUEZ | ADV. PROC. 15-0173 |
| Plaintiff(s) | INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY |
| Vs. | |
| MUNICIPALITY OF VEGA BAJA; WALESKA RIVERA COIRA AND HER CONJUGAL PARTNERSHIP | |
| Defendant | |

OPINION AND ORDER

This adversary proceeding is before the court upon the motion to dismiss filed codefendant Municipality of Vega Baja (hereinafter "Municipality") pursuant to Fed. R. Civ. P. 12(b) (6) alleging that there was no violation of the automatic stay, as the letters sent by the Municipality are within the scope of the exceptions to violations of the automatic stay under 11 U.S.C. §362 (b)(9) for being deficiency notifications, not collection letters with an intent to levy. The complaint filed by the Debtor Instituto Médico del Norte (hereinafter "Instituto" or "Debtor") Municipality, through its officers and employees is trying to collect from debtor pre-petition excise taxes in violation of the automatic stay. Instituto further contends that codefendant Waleska Rivera Coira, Finance Director of the Municipality, had personal knowledge of the fact

-1-

that the Municipality was trying to collect pre-petition debt, and that, despite having said knowledge, she continued making efforts to collect said pre-petition debt.

Standard for Granting a Motion to Dismiss

Motions to dismiss for failure to state a claim upon which relief may be granted are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading. A motion to dismiss a counterclaim pursuant to Fed. R. Civ. P. 12(b) (6) is available to test a claim for relief in any pleading, including a defendant's counterclaim. See 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 at 368-369.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 173 L. Ed. 2d. 868 (2009) citing Bell Atlantic v. Twombly, 127 S. Ct. at 1974. Thus, a "complaint must plead facts 'that raise a right to relief above the speculative level'" Dixon v. Shamrock Fin. Corp., 522 F. 3d 76, 79 (1st Cir, 2008); Cook v. Gates, 528 F. 3d 42, 48 (1st Cir. 2008); Gray v. Evercore Restructuring L.L.C., 544 F. 3d 320, 324 (1st Cir. 2008); Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008); Perez Acevedo v. Rivero-Cubano at 29; Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F. 3d 315, 320 (1st Cir. 2008); Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F. 3d 17 (1st Cir. 2009). "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v.

Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

Automatic Stay under 11 U.S.C. §362(a)

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. The automatic stay prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U. S.C. §362(a) (6). "Section 362(a) (6) is intended to prevent creditor harassment of the debtor in attempting to collect prepetition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a) (1)." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.03 [8] [a] (16th ed. 2012). Despite the fundamental importance of the automatic stay, Congress has allowed certain exceptions to the automatic stay, such as those included under Section 362(b) of the Bankruptcy Code. See 229 Main St. Ltd. Pshp. v. Mass. EPA (In re 229 Main St.), 262 F. 3d 1, 3-4 (1st Cir. 2001).

Exception to Automatic Stay under 11 U.S.C. §362(b) (9)

11 U.S.C. § 362(b) lists a number of acts that are exceptions from a debtor's automatic stay. Section 362(b)(9) of the Bankruptcy Code provides an exception to the automatic stay provisions under subsection (a) of Section 362 of the Bankruptcy Code by allowing; "(A) an

audit by a governmental unit to determine tax liability; (B) the issuance to the debtor by a governmental unit of a notice of tax deficiency; (C) a demand for tax returns; or (D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor)." 11 U.S.C. § 362(b) (9). "As amended in 1994, section 362(b)(9) also permits a governmental unit to conduct an audit to determine tax liability, to make a demand for tax returns and to make an assessment, issue notice and demand payment of any tax" Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.05[9] (16th ed. 2012). Section 362(b) (9) limits the impact of Section 362(a) (6) in certain circumstances regarding tax liabilities. See Rosas v. Monroe County Tax Claim Bureau, 323 B.R. 893, 898 (Bankr. M.D. Pa. 2004).

Discussion

The allegations in the complaint state that:

1. The Municipality "delivered to the Debtor collection letters requesting payment for some alleged deficiencies in the payment of excise taxes (patente municipal) for some $330,477.00. Some of the amounts claimed are for pre-petition periods."

2. The Debtor referred the collection letters to its financial advisor, who informed the Municipality that Instituto had filed for bankruptcy, and that some of the amounts being claimed were for pre-petition debts, that Municipality should file a proof of claim and that the Municipality should accepts payment of post-petition taxes.

3. That the Municipality did not accept post-petition payments and declined to issue the "Patente Municipal."

4. That on June 10, 2015, Ms. Waleska Rivera Coira, Finance Director of the Municipality acknowledging the visit by Debtor's financial advisor and that a bankruptcy petition had been filed. Copy of the letter is attached as an exhibit to the complaint.

5. The June 15, 2015 letter reaffirms the pre-petition debt as due and that the same should be paid as soon as possible to avoid accruing additional interest. The letter also states that upon the adjudication of the debt becoming final, the Municipality will proceed to its collection in accordance with applicable law.

The pleadings in the complaint, as summarized above, show that from the face of the complaint the Instituto has a plausible cause of action for violation of the automatic stay. A reading of the letter, in light of the allegations of the complaint place the action outside the exception in § 362 (b) (9). The letter acknowledges that a bankruptcy petition has been filed and that collection action for pre-petition debt will take place if amounts owed are not paid. The facts in this case, and the procedural tool [motion to dismiss under Fed. R. Civ. P. 12 (b) (6)], differ from this court's decision in In re Sanchez, 2013 WL 140453 (Bkrtcy. D. P.R. 2013); which decided the controversy under Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. The standard under a motion to dismiss under Rule 12 (b) (6) and a motion for summary judgment under Rule 56 are different. Also the communications in In re Sanchez were demanding payment without specific intent to seize or levy. The June 15, 2015 letter in this case goes beyond and, although it does not specifically threaten with seizure or levy, it does not exclude it, as it threatens with action under applicable law, which may include seizure or levy.

Conclusion

In view of the foregoing, the motion to dismiss filed by the Municipality is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of October, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge